■ NEW YORK CASUALTY INSURANCE COMPANY, Appellant, v LEONID KUSHNER, Respondent. [725 NYS2d 920] —Order unanimously modified on the law and as modified affirmed without

costs in accordance with the following Memorandum: Plaintiff contends that Supreme Court erred in denying its motion for summary judgment and in granting defendant's cross motion for summary judgment dismissing the complaint. We agree with plaintiff that the court erred in granting defendant's cross motion, and thus we modify the order by denying the cross motion and reinstating the complaint. "On a motion for summary judgment, the proponent of the motion must set forth evidentiary proof, in admissible form, eliminating any material issue of fact from the suit" (*Dix v Pines Hotel*, 188 AD2d 1007; *see also, Zuckerman v City of New York*, 49 NY2d 557, 562). Defendant failed to meet his initial burden by establishing that the cardiac and cardiovascular care and other medical treatment he received following the motor vehicle accident were directly related to the accident and that plaintiff is required to pay no-fault benefits for that treatment pursuant to the policy issued to defendant. We further conclude, however, that plaintiff failed to meet its initial burden on its motion by submitting evidence in admissible form, and thus the court properly denied the motion. The unsworn letter and reports are insufficient to meet plaintiff's burden of establishing entitlement to judgment as a matter of law (*see, Villager Constr. v Kozel & Son*, 222 AD2d 1018, 1018-1019). In any event, even assuming, arguendo, that plaintiff met its initial burden, we conclude that defendant raised an issue of fact whether the accident exacerbated his heart condition. (Appeal from Order of Supreme Court, Erie County, Notaro, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Green, Wisner, Kehoe and Lawton, JJ.